The court at General Term, held that “ If there had been a contract to the effect that the plaintiff should have some interest in the land, it would have been void under the statute of frauds. So no trust can be implied and enforced against the particular premises without proof that the defendant committed some wrong in violation of plaintiff’s rights, or perpertrated some fraud upon the plaintiff, and that the plaintiff has no adequate remedy at law. Even if the plaintiff had advanced the whole purchase money, that of itself would not raise a sufficient equity in plaintiff’s favor to authorize the court to interfere as requested, for the statute of uses and trusts expressly provides, that where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another., no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall *522 vest in the person named as the alienee named in such conveyance, subject only to the rights of certain creditors.* bTor can I find that, independently of the considerations stated, the circumstances of the case are sufficient to constitute an equitable lien in favor of the plaintiff.”
Wehle & Jordan, for appellant.
Michael C. Gross, for respondent.
Opinion by Freedman, J.; Russell and Arnoux, JJ., concurred.
Judgment affirmed, with costs.

 As to questions involved herein, see Wood v. Mulock, ante, p. 70.